**DONIE STATE BANK, Appellant,**

v.

**Edward C. PARKER, Appellee.**

**No. 5748.**

Court of Civil Appeals of Texas, Waco.

Aug. 11, 1977.

Rehearing Denied Sept. 1, 1977.

W. A. Keils, Jr., Teague, for appellant.

Bernard C. Reeves, Fairfield, for appellee.

HALL, Justice.

This is a trespass to try title action brought by Donie State Bank against Edward C. Parker for title and possession of a tract of land in Freestone County. After a trial without a jury, judgment was rendered that plaintiff take nothing. Plaintiff seeks reversal, contending that under the record it was entitled to judgment as a matter of law. We overrule this contention and affirm the judgment.

There is no dispute in the material facts in the case. Most of those facts are contained in findings of fact made in writing and filed by the court along with conclusions of law. The findings and conclusions read as follows:

Findings of Fact

I.

"That the Warranty Deed from Edward C. Parker to Alton Parker, Jr., dated March 20, 1974, filed for record on March 26, 1974 and recorded in Vol. 433, Page 120 of the Deed Records of Freestone County, Texas, described a lot, tract or parcel of land, located on U. S. Highway No. 84 in the I. H. Reed League, Abstract 23, situated in Freestone County, Texas, which is the same land described in Plaintiff's Petition; that said deed reserved a Vendor's Lien to secure the payment of one promissory note in the principal sum of $8,500.00, dated March 20, 1974, executed by Alton Parker, Jr., payable to Edward C. Parker in five annual installments of $1,700.00 each, the first installment being due and payable on or before March 20, 1975.

II.

"That a Deed of Trust from Alton Parker, Jr. to Hugh D. Reed, Jr. Trustee, dated March 20, 1974 was given to secure the payment of said promissory note dated March 20, 1974 in the principal sum of $8,500.00, payable to Edward C. Parker in five annual installments of $1,700.00 each, the first installment being due and payable on or before March 20, 1975; which instrument and the execution thereof was recited in said promissory note, this Deed of Trust and the Warranty Deed were both acknowledged before Hugh D. Reed, Jr., a notary public in and for Freestone County on March 25, 1974; the Deed of Trust was filed for record on May 12, 1975 and is recorded in Vol. 52, Page 109 of the Deed of Trust Records of Freestone County, Texas.

III.

"That Alton Parker, Jr. executed and delivered a Vendor's Lien note in the principal sum of $8,500.00, payable as set out above, to Edward C. Parker; that default of the first annual installment due on or before March 20, 1975 was made and that after due demand, notice, the Vendor's Lien was foreclosed and the property sold by Bernard C. Reeves, Substitute Trustee, to Edward C. Parker under the provisions of said Deed of Trust, said instrument being dated June 3, 1975, filed for record on June 6, 1975 and recorded in Vol. 448, Page 830 of the Deed Records of Freestone County, Texas.

IV.

"That Donie State Bank obtained a judgment against Alton Parker, Jr. in Cause No. 7470–B on May 2, 1975 in the amount of $3,931.28 and an Abstract of this Judgment was filed on May 2, 1975 and is recorded in Vol. 8, Page 311 of the Abstract of Judgment Records of Freestone County, Texas; also, an Abstract of this Judgment was filed on June 27, 1975 and is recorded in Vol. 8, Page 317 of said Records.

V.

"That a Sheriff's Deed from Alton Parker, Jr., by J. R. Sessions, Jr. Sheriff to Donie State Bank, dated October 7, 1975, was filed for record on October 12, 1975 and recorded in Vol. 458, Page 112 of the Deed Records of Freestone County, Texas, which instrument recites that it conveys to the Donie State Bank all the estate, right, title and interest which the said Alton Parker, Jr. had on the 2nd day of May, 1975, or at any time afterwards, in the land described in Plaintiff's Petition.

VI.

"That Alton Parker, Jr. defaulted in the payment of the first installment due on the Vendor's Lien note; and that neither Alton Parker, Jr. nor Donie State Bank has made any payment on the Vendor's Lien Note before the institution of this suit."

Conclusions of Law

I.

"That the reservation of a Vendor's Lien in the Warranty Deed from Edward C. Parker to Alton Parker, Jr. to secure the payment of the Vendor's Lien Note, fully described therein, constituted notice of the Vendor's superior title in Edward

C. Parker, until the said note had been paid.

II.

"That the Deed of Trust, dated March 20, 1974, executed by Alton Parker, Jr. to Hugh D. Reed, Jr. Trustee to secure the payment of said Vendor's Lien note constituted a valid Deed of Trust Lien to secure the payment of said note, which note recited the giving of the Deed of Trust to secure the same.

III.

"That the Substitute Trustee Deed to Edward C. Parker on June 3, 1975, vested legal title as well as the equitable title in Edward C. Parker.

IV.

"That the Sheriff's Deed to Donie State Bank conveyed no interest in the land described in Plaintiff's Original Petition, because Alton Parker, Jr. had no title to said land until the Vendor's Lien Note was paid off.

V.

"That Plaintiff Donie State Bank has failed to prove that it has superior title under a common source to recover possession and title to the property involved in this suit."

As shown in the court's findings, the warranty deed from defendant to Alton Parker, Jr., reserving a vendor's lien, and the deed of trust given by the vendee to secure the vendor's lien, and the purchase-money note executed by the vendee upon which the vendor's lien was based, were all executed on March 20, 1974. These instruments are a part of the statement of facts brought forward in the case. The warranty deed does not refer to the deed of trust, but it does refer to the purchase-money note. The deed of trust does not refer to the warranty deed or the vendor's lien, but it does set forth the purchase-money note and recites a lien given to secure payment of the note, although it does not expressly identify the note as one for purchase money. The note refers to the warranty deed, the vendor's lien retained to secure payment of the note, and the deed of trust executed to also secure payment of the note.

The court's determinations expressly show that "the Vendor's Lien was foreclosed and the property [was] sold to [defendant] . . . under the provisions of the deed of trust . . ." Specifically, plaintiff contends that the record affirmatively establishes that the vendor's lien was *not* foreclosed, arguing that because the deed of trust does not recite that it was executed to secure the vendor's lien, but recites only that it was given to secure payment of a "naked note," defendant did not by the deed of trust foreclose his vendor's lien, but foreclosed only a "contractual deed of trust lien" which was filed of record on May 12, 1975 (finding number III) after plaintiff's judgment lien was filed of record on May 2, 1975 (finding number IV). Then, asserting its lien was superior to defendant's "contractual deed of trust lien" by reason of the prior recordation, plaintiff claims superior title as a matter of law under the sheriff's deed based on the judicial order of sale over the title acquired by defendant under the deed of trust sale. We overrule these contentions.

Inferentially, the warranty deed, the purchase-money note, and the deed of trust show that they were executed contemporaneously and for the same purpose and in the course of a single transaction. Additionally, defendant testified that they were. Instruments so executed are to be considered as though they are in fact a single instrument. *Pacific Mutual Life Ins. Co. v. Westglen Park, Inc.,* 160 Tex. 1, 325 S.W.2d 113, 116 (1959); *Board of Ins. Com'rs v. Great Southern Life Ins. Co.,* 150 Tex. 258, 239 S.W.2d 803, 809 (1951). So considered, the instruments before us plainly show that the deed of trust was intended to secure payment of defendant's vendor's lien expressed in the warranty deed. This vendor's lien was outstanding and of record when plaintiff took its judgment against the vendee and when it perfected its lien, and was

superior to the judgment lien. 58 Tex.Jur. 2d 484, Vendor and Purchaser, § 261.

The vendee defaulted on the first payment on the vendor's lien note (finding number III), and plaintiff made no payment on it (finding number VI). When the vendee defaulted, defendant had two available remedies: He could judicially foreclose on the vendor's lien note, or he could foreclose the purchase-money lien by private sale under the deed of trust. 39 Tex.Jur.2d (Rev.1976) 159, Mortgages and Trusts Deeds § 126. He chose the latter remedy.

When plaintiff bought at the sheriff's sale it obtained only the title possessed by the vendee. 34 Tex.Jur.2d 696, Judgments, § 582. Under the record, the vendee owned no interest in the property at that time.

The judgment is affirmed.