# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

No. 10-11190

Lyle W. Cayce
Clerk

AMERICAN HOME MORTGAGE CORPORATION, and its assigns;
AMERICAN HOME MORTGAGE SERVICING, INC., as Servicer for the
Master Adjustable Rate Mortgages Trust 2007-1

Plaintiffs-Appellants

v.

RUSCO COMPANY

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1907

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiffs, American Home Mortgage Corporation and its assigns, appeal the judgment of the district court granting a right to a portion of the proceeds of a foreclosure sale to a competing creditor, Rusco Company. Because we conclude that the first priority vendor's lien held by American Home Mortgage exceeds the amount of the proceeds, precluding any recovery by Rusco, we reverse.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11190

I.

On August 16, 2006, John Felts and Zane Morris entered into a contract for the purchase of property at 4706 S. Lindhurst Avenue in Dallas, Texas, from J.P. Morgan Chase Bank for $2,050,000.  Financing for the purchase came from two sources.  Rusco Company provided a $400,000 loan evidenced by a promissory note dated September 27, 2006 and secured by a deed of trust, which was recorded on October 11, 2006, before the sale closed.  Only $205,000 of this loan was actually drawn upon to pay the earnest money for the transaction.  Felts dropped out of the transaction at some point prior to closing.

Morris obtained two purchase money loans from American Home Mortgage Corporation (AHM) for $1,547,050 and $400,000.  Both were evidenced by promissory notes and secured by deeds of trust.  The $1,547,050 note and deed of trust is primary and the $400,000 note and deed of trust created a secondary lien. AHM was not aware of the Rusco loan.  It did not show up in a title search because it was recorded before Morris gained an interest in the property and thus was not then reflected in the grantor or grantee index for the property.

At closing, J.P. Morgan conveyed the property to Morris via a Special Warranty Deed with Vendor's Lien.  The interpretation of that document is the core of this case.  Through the warranty deed J. P. Morgan assigned its superior title and vendor's lien to AHM as further security for the $1,547,050 note.  An Addendum for Second Lien added the $400,000 note as also being secured by the vendor's lien.  The warranty deed (including the addendum) and both deeds of trust were recorded on October 25, 2006.

Morris defaulted on his obligations to AHM and Rusco.  AHM assigned its interest in the $1,547,050 note and the deed of trust to MARM 2007-1, a master adjustable rate mortgage trust.  MARM nonjudicially foreclosed on the property under the first deed of trust and purchased the property for approximately $1.3

No. 10-11190

million.  Subsequently, Rusco sought to nonjudicially foreclose on its deed of trust.  AHM and MARM (collectively "AHM") sought to enjoin the foreclosure leading to this lawsuit.

The parties entered into a Stipulation and Agreement allowing AHM to sell the property to a third party for $2 million and allow whatever rights the parties have or had in the property to apply to the proceeds.  The district court on cross motions for summary judgment was asked to determine the priority between AHM and Rusco to the proceeds.  The court found that AHM's vendor's lien was valid and superior to Rusco's deed of trust;  Rusco's deed of trust was superior to AHM's first and second deeds of trust; and  AHM did not foreclose its vendor's lien when it nonjudicially foreclosed pursuant to the AHM first deed of trust.  The court then judicially foreclosed the AHM vendor's lien and granted Rusco the excess proceeds over the amount required to satisfy the $1,547,050 vendor's lien.  AHM filed a motion to reconsider arguing that its vendor's lien secured both the $1,547,050 note and first deed of trust and the $400,000 note and second deed of trust.  The district court denied the motion.  This appeal followed.

## II.

This case was decided on cross motions for summary judgment. Summary judgment is proper if the pleadings, the discovery and disclosures on file, and any affidavits show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56 (c).  On appeal, this court reviews the district court's grant of summary judgment *de novo. Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 29 F.3d 373, 375 (5th Cir. 2002).

## III.

Although AHM raises three arguments in favor of its appeal of the district court's judgment, we need only consider the first.  AHM asserts that the district

No. 10-11190

court erred in concluding that AHM's vendor's lien secured only the amounts owed under the AHM $1,547,050 Promissory Note and Deed of Trust, and that the vendor's lien did not also secure the AHM $400,000 Promissory Note and Deed of Trust. AHM argues that the district court disregarded the Addendum to the Warranty Deed and the express intent of the parties to the transaction that the vendor's lien cover all the purchase money advanced by AHM. We agree.

The face of the Special Warranty Deed with Vendor's Lien references only the $1,547,050 note to AHM. The document also states that

> It is expressly agreed that the Vendor's Lien, as well as Superior Title in and to the above described premises, is retained against the above described property, premises and improvements **until the above described note and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.**

(emphasis added) (the Release Language). However, the document includes an addendum that references the $400,000 note to AHM. It reads -

> The property described in this deed is also being conveyed for further consideration of the execution and delivery by Grantee of that one certain Real Estate Lien Note of even date herewith in the original principal sum of $400,000.00 payable to the order of American Home Mortgage ("Second Lien Lender") as therein provided, which Note is secured by a Vendor's Lien retained herein upon the herein described property for the benefit of the Holder's thereof and as additionally secured by a subordinate and inferior Deed of Trust of even date herewith to Andrew Valentine, Esq., Trustee upon the property conveyed hereby.
>
> For good and valuable consideration paid to Grantor by Second Lien Lender, the receipt and adequacy of which is hereby acknowledged, Grantor assigns, without recourse, the Vendor's Lien retained herein to Second Lien Lender, and Second Lien Lender is hereby subrogated to all of Grantor's rights under the Vendor's Lien retained in this addendum.

4

No. 10-11190

The addendum is not dated or signed but was recorded with the Special Warranty Deed with Vendor's Lien.

In its original order, the district court assumed from AHM's complaint and summary judgment motion that it was seeking foreclosure of the vendor's lien only to the extent that it covered the $1,547,040 promissory note.[1] In its order in response to AHM's motion for reconsideration, the district court noted that it was unclear when and under what circumstances the addendum was executed, but elected not to consider the validity of the addendum because it found that the Release Language quoted above in bold released the vendor's lien upon payment of the $1,547,050 note alone. The district court held that the addendum did not alter the Release Language.

We agree with the district court that the Warranty Deed and Addendum are less than clear in their meaning. However, based on our reading of Texas case law, the district court erred by looking solely to the Warranty Deed to determine the intentions of the parties with regard to this transaction. Under Texas law, when separate documents related to a single transaction are executed contemporaneously and for the same purpose they "are to be considered as though they are in fact a single instrument." *Donie State Bank v. Parker*, 554 S.W.2d 858, 860 (Tex. App. Waco 1977), *citing Pacific Mutual Life Ins. Co. v. Westglen Park, Inc.*, 325 S.W.2d 113, 116 (Tex. 1959) and *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 239 S.W.2d 803, 809 (Tex. 1951).

---

[1] Based on our review of the record, we reject Rusco's argument that the plaintiffs did not adequately plead or argue in the district court that the vendor's lien covered both notes. The Second Amended Complaint names both AHM and MARM as plaintiffs. It lays out the details of both notes and deeds of trust as well as the Warranty Deed. It also requested relief on the basis of the Warranty Deed in favor of the plaintiffs (plural), which would necessary refer to the vendor's lien covering both notes as each plaintiff held one. AHM's Motion for Summary Judgment gave the same background. The Warranty Deed with Addendum was attached as an exhibit to the motion, which requested judgment in favor of American, which referred collectively to AHM and MARM. The pleadings and motions adequately plead and argued that the plaintiffs were seeking relief under the vendor's lien as to both notes.

No. 10-11190

In *Donie State Bank*, Edward Parker conveyed property to Alton Parker, Jr. as evidenced by a Warranty Deed. 554 S.W.2d at 859. The Warranty Deed with reserved vendor's lien referenced the purchase money promissory note given in exchange for the property. The Warranty Deed did not reference the Deed of Trust securing the promissory note. The Deed of Trust did not refer to the Warranty Deed or vendor's lien and although it did reference the note, it did not indicate that it was given as purchase money. The promissory note referenced all the documents. *Id.* at 860. The Warranty Deed was recorded at the time of the conveyance. *Id.* at 859. Before the Deed of Trust was recorded, Donie State Bank recorded a judgment in its favor against Alton Parker. *Id.* When Alton Parker defaulted on his obligations under the promissory note, the trustee under the Deed of Trust foreclosed on the Deed of Trust and Edward Parker purchased the property. *Id.* Later, Donie State Bank purchased Alton Parker's interest in the property at a Sheriff's Sale. *Id.* The issue in the case was whether Edward Parker or Donie State Bank held superior title in the property. *Id.* at 858. Donie State Bank argued that foreclosure of the Deed of Trust did not also foreclose on Edward Parker's superior vendor's lien because the Deed of Trust did not indicate that it secured the vendor's lien. *Id.* at 860. The Texas Court of Civil Appeals looked at the instruments documenting the sale from Edward Parker to Alton Parker as a whole and held that the instruments plainly showed that the Deed of Trust was intended to secure payment of Edward Parker's vendor's lien expressed in the Warranty Deed and the vendor's lien was superior to the bank's judgment lien. *Id.* at 860-61.[2]

---

[2] AHM also relies on *Donie State Bank* in support of its alternative argument that foreclosure on the $1,547,050 deed of trust also effectively foreclosed on the vendor's lien and because the proceeds from the foreclosure ($1.3 million) were less than the lien, extinguished the intervening lien of Rusco. Based on our disposition of the case, we need not decide that question.

No. 10-11190

Applying *Donie State Bank* to this case, the documents evidencing the transaction at issue in this case are as follows:

(1)    Special Warranty Deed with Vendor's Lien from J.P.Morgan Chase Bank to Zane Morris, Vendee.  In this document J.P. Morgan expressly retains a Vendor's Lien and Superior Title in favor of AHM until the "above described note and all interest thereon are fully paid." As described above, this deed references only the $1,547,050 note on its face, but incorporates the $400,000 note in the addendum.

(2)    $1,547,050 Deed of Trust in favor of AHM.  There is no express purchase money lien or vendor's lien granted in this deed of trust.

(3)    $400,000 Deed of Trust in favor of AHM.  This document is titled "Purchase Money Deed of Trust" and in para. 23 grants a vendor's lien to the lender.

> 23. Purchase Money Deed of Trust; Vendor's Lien.  The funds lent to Borrower under the Note secured hereby were used to pay all or part of the purchase price of the Property.  The Note secured hereby also is primarily secured by the Vendor's Lien retained in the deed of even date herewith conveying the property to the Borrower, which Vendor's Lien has been assigned to Lender, this Deed of Trust being additional security therefor.

All of the above documents were dated effective October 19, 2006 and recorded October 25, 2006.

Read as a "single instrument", the above documents support AHM's contention that its Vendor's Lien covered both notes.  AHM provided purchase money to Morris in two parts documented by two promissory notes and deeds of trust.  The $400,000 Deed of Trust expressly documents that the funds are purchase money funds and grants a vendor's lien to AHM.  The Special Warranty Deed with Vendor's Lien grants superior title to AHM who is the lender under both notes.  The addendum to the Special Warranty Deed

incorporates the $400,000 loan as a note covered by the lien.  Read in conjunction with the deeds of trust, the vendor's lien reserved in the Warranty Deed was clearly intended to cover both the $1,547,050 note and the $400,000 note.

Rusco argues that the addendum is ineffective to convey superior title to AHM for the $400,000 note because superior title had already been conveyed in full to AHM for the $1,547,050 note by the body of the Special Warranty Deed before the addendum was attached.  Essentially, Rusco is reading the documents as created a two step transaction – first, superior title and vendor's lien was conveyed to AHM in conjunction with the $1,547,050 note, leaving nothing to be conveyed by the addendum to cover the $400,000 note.  This is a very restricted reading of the Warranty Deed and addendum and inconsistent with the intention of the parties as expressed in the related deeds of trust.  The documents are part of a single transaction in which the Special Warranty Deed with Vendor's Lien creates a vendor's lien in favor of AHM covering both notes. Under this interpretation, the reference in the Special Warranty Deed to "the above described note" or the "hereinabove described Note" would incorporate not only the $1,547,040 note referenced on the face of the Warranty Deed, but also the $400,000 note referenced as part of the consideration for the deed in the Addendum.

Under this reading of the documents, the judicial foreclosure of the vendor's lien ordered by the district court entitles AHM and MARM to all the proceeds from the third party to satisfy the balance of both notes, which exceeds the $2 million received.

## IV.

For the foregoing reasons, we reverse the judgment of the district court granting a portion of the proceeds to Rusco and remand with instructions to

No. 10-11190

render judgment in favor of AHM for the $2 million proceeds from the sale of the subject property.

REVERSED and REMANDED.